2022 IL App (1st) 210559-U

No. 1-21-0559

August 8, 2022

First Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| PHONCO COMMUNICATIONS INC, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
| | ) | Cook County, Illinois. |
|     v. | ) | |
| | ) | |
| CHICAGO CENTRAL FOOD MART, INC., | ) | |
| D/B/A YEMEN GAS AND MINI MART. | ) | No. 2019 L 000151 |
|     Defendants-Appellants | ) | |
| | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Judge Hubbard |
| | ) | Judge Presiding. |

_____

    JUSTICE WALKER delivered the judgment of the court.
    Justices Pucinski and Coghlan concurred in the judgment.

**ORDER**

¶ 1    Held:  A liquidated damages clause is enforceable if it provides a reasonable estimate of actual damages and the parties could not know, at the time of entering the contract, whether they could accurately prove actual damages if a party breached the contract.

¶ 2    Following a bench trial, the trial court entered a judgment in favor of Phonco Communications, Inc., in its action against Chicago Central Food Mart (CCFM) for breach of

contract. The court set damages in accord with the contract's liquidated damages clause. CCFM argues on appeal that the court should not have enforced the liquidated damages clause and Phonco did not present sufficient evidence of damages. We find the clause enforceable, and the evidence permitted calculation of the liquidated damages. We affirm the trial court's judgment.

¶ 3                                    BACKGROUND

¶ 4     In 2002, CCFM allowed Phonco to install an ATM in a store operated by CCFM, and Phonco agreed to pay CCFM $0.75 per transaction. The lease automatically renewed every four years. Phonco later agreed to increase the payment to $1.25 per transaction. The lease included the following liquidated damages clause: "In the event of a breach of this Lease *** by [CCFM, Phonco] is entitled to recover as liquidated damages (and not as a penalty) a sum equal to the average transactions of said ATM times the number of months left in the current term of this Lease, times one dollar and fifty cents ($1.50)."

¶ 5     In July 2016, with 27 months remaining in the four-year term that started with the automatic renewal in 2014, CCFM unplugged Phonco's ATM and directed Phonco to remove its ATM from the store. Phonco sued CCFM for breach of contract in 2019. At the trial a witness for Phonco identified the checks Phonco sent to CCFM each month from August 2015 through July 2016. Ali Mohamed, the president of CCFM, admitted he received the checks as payment in accord with the lease. Mohamed also testified that he installed his own ATM in the store in 2016, and he directed Phonco to remove its ATM.

¶ 6     CCFM argued Phonco failed to prove damages. The trial court found the lease's liquidated damages clause enforceable. Using the payment per transaction and the checks sent from August 2015 through June 2016, the court could calculate the number of transactions each month and the average number of transactions per month. The court multiplied the average, 941.36 transactions,

by 27 months times $1.50 per transaction to find liquidated damages of $38,125.08. The court added attorneys' fees and costs (as allowed according to the lease) and entered a judgment against CCFM for $69,090.36. CCFM now appeals.

¶ 7                                    ANALYSIS

¶ 8     On appeal, CCFM argues that the trial court erred by enforcing the liquidated damages clause, and the evidence did not support the award of damages. We will not disturb the trial court's award of damages unless it is contrary to the manifest weight of the evidence. *Union Tank Car Co. v. NuDevco Partners Holdings, LLC*, 2019 IL App (1st) 172858, ¶ 26, 123 N.E.3d 1177.

¶ 9                              Liquidated Damages

¶ 10    According to the Restatement (Second) of Contracts:

"Damages for breach by either party may be liquidated in the agreement but only at an amount that is reasonable in the light of the anticipated or actual loss caused by the breach and the difficulties of proof of loss. A term fixing unreasonably large liquidated damages is unenforceable on grounds of public policy as a penalty." Restatement (Second) of Contracts sec. 356 (1981). See *ICD Publications, Inc. v. Gittlitz*, 2014 IL App (1st) 133277.

¶ 11     The party resisting enforcement of a liquidated damages clause bears the burden of proving it is void as a penalty. *Pav-Saver Corp. v. Vasso Corp.*, 143 Ill. App. 3d 1013, 1019 (1986). CCFM contends the court should not have enforced the liquidated damages clause because the parties could easily prove actual damages. CCFM proposes the number of transactions on the ATM is the proper measure of damages. According to CCFM, Phonco cannot recover any damages because it presented no evidence of the actual number of transactions on CCFM's ATM.

¶ 12    The difficulty or ease of proof of loss is determined at the time of contracting, not at the time of breach, as CCFM suggests. *Id.* When the parties signed the lease, nothing required CCFM to replace Phonco's ATM if CCFM breached the lease. If CCFM had not replaced the machine, Phonco would have great difficulty establishing damages with reasonable certainty by any means other than the estimate set out in the liquidated damages clause.

¶ 13    CCFM also contends that an ambiguity in the lease makes it unenforceable. The contract refers to the "average transactions of said ATM times the number of months left in the current term." CCFM claims "average transactions" could mean the average number per day, per week, or per year. However, using any of those averages times the number of months remaining in the current lease term would not produce a reasonable estimate of the number of transactions lost due to the breach. Multiplying the average number of transactions per month times the number of months remaining in the lease term provides a reasonable estimate of the number of transactions lost due to the breach. "A court will consider only reasonable interpretations of the contract language and will not strain to find an ambiguity where none exists." *Lease Management Equipment Corp. v. DFO Partnership*, 392 Ill. App. 3d 678, 686 (2009). We find the lease unambiguous.

¶ 14    The liquidated damages clause uses the average number of transactions in past months as an approximation for the number of transactions lost each month due to the breach. CCFM does not challenge the contract damages of $1.50 per transaction as a reasonable estimate of the amount Phonco should recover due to each lost transaction. The lease fixed liquidated damages at an amount that reasonably approximates actual damages without any penalty. The court correctly found the liquidated damages clause enforceable. See *Stone v. City of Arcola*, 181 Ill. App. 3d 513, 525 (1989).

¶ 15                          Calculation of Damages

¶ 16     CCFM contends no evidence supports the court's award of damages because no witness testified that Phonco's ATM in CCFM's store averaged 941.36 transactions per month.

¶ 17     A party seeking damages must prove its damages to a reasonable degree of certainty, and the evidence it presents must not be remote, speculative, or uncertain. Furthermore, a plaintiff need only present evidence that provides a basis upon which to compute damages with a fair degree of probability. *Doornbos Heating & Air Conditioning, Inc. v. Schlenker*, 403 Ill. App. 3d 468, 485 (2010).

¶ 18     After the agreed upon increase of $1.25 per transaction, Phonco sent CCFM checks each month paying CCFM. This evidence allowed the trial court to calculate the number of transactions each month by dividing each month's check by the payment per transaction. The court could then add the number of transactions for the last 11 months before the breach and divide by 11 to find the average number of transactions per month. The evidence gave the court a reasonable basis for computing the liquidated damages. CCFM has not shown any error in the trial court's finding of the average. The court's award of damages is not contrary to the manifest weight of the evidence.

¶ 19                               CONCLUSION

¶ 20     The trial court correctly enforced the liquidated damages clause of the lease as the clause made a reasonable estimate of Phonco's actual damages, and the parties agreed to the clause when the parties did not know whether they could prove actual damages. The evidence permitted the court to calculate the liquidated damages, and CCFM has not shown any error in the calculation. Accordingly, we affirm the trial court's judgment.

¶ 21     Affirmed.